UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LUIS ANGEL RAMOS NIEVES and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
       Plaintiff, )
vs. )
 )
ANDRES RODRIGUEZ d/b/a ROVELL )
MOBILE HOME PARK, )
ANDRES RODRIGUEZ d/b/a TROPICAL )
MOBILE HOME PARK, )
 )
       Defendants. )
_____ )

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME AND MINIMUM WAGE VIOLATIONS**

Plaintiff, LUIS ANGEL RAMOS NIEVES on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this First Amended Complaint against Defendants[1], ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK and ANDRES RODRIGUEZ d/b/a TROPICAL MOBILE HOME PARK, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK, is a proprietorship doing business under an assumed name that regularly transacts business within Dade County. Upon information and belief, the Defendant ran the day-to-day operations of

---

[1] Plaintiff has not located a legal entity affiliated with ROVELL MOBILE HOME PARK, and TROPICAL MOBILE HOME PARK upon diligent search in relation to the Division of Corporations, but reserves the right to add Defendant entities should discovery reveal a legal entity that can be sued.

the business for Plaintiff's respective period of employment ("the relevant time period") and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's joint FLSA employer and employer as defined by 29 U.S.C. 203 (d).

4. The Defendant ANDRES RODRIGUEZ d/b/a TROPICAL MOBILE HOME PARK, is a proprietorship doing business under an assumed name that regularly transacts business within Dade County. Upon information and belief, the Defendant ran the day-to-day operations of the business for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's joint FLSA employer and employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the

production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

9. Plaintiff worked for Defendants as a handyman from on or about April 1, 2014 through on or about October 5, 2015.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

12. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014 and 2015.

13. Upon information and belief, Defendants are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between Defendants are performed through unified operation and/or

common control, are being done for a common business purpose and there is cross-utilization of employees during the same work weeks simultaneously benefiting all Companies which are operated by the same company officers for a common business purpose. For purposes of the issue of gross annual income regarding FLSA enterprise coverage, Plaintiff intends to stack income as appropriate pursuant to the applicable law.

14. Individual Defendant, ANDRES RODRIGUEZ, was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

15. Between the period of on or about April 1, 2014 through on or about February 28, 2015, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $1.66 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable minimum wage for each hour worked above 40 in a week.

16. Between the period of on or about March 1, 2015 through on or about October 5, 2015, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $3.33 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate based on the applicable minimum wage for each hour worked above 40 in a week.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing

Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

### COUNT II. FEDERAL MINIMUM WAGE VIOLATION

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-17 above and further states:

18. 29 U.S.C. § 206 (a) (1) (A) states "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: except as otherwise provided in this section, not less than— $5.85 an hour…" On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

19. Between on or about April 1, 2014 through on or about February 28, 2015, Plaintiff worked an average of 60 hours a week for the Defendants. Plaintiff was paid $1.66/hr for said work in violation of the Fair Labor Standards Act as said payment of $1.66/hr did not meet the

applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $1.66/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

20. Between on or about March 1, 2015 through on or about October 5, 2015, Plaintiff worked an average of 60 hours a week for the Defendants. Plaintiff was paid $3.33/hr for said work in violation of the Fair Labor Standards Act as said payment of $3.33/hr did not meet the applicable Federal Minimum Wage required for said period of time. Therefore, Plaintiff claims difference between his average hourly rate of $3.33/hr and the applicable minimum wage rate of $7.25/hr for all hours worked.

21. The Defendants wage payment practices to Plaintiff for this time period did not meet the federal minimum wage law requirements as Plaintiff was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

22. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act as Defendants knew of the Federal Minimum Wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the Fair Labor Standards Act and as cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire

employment period with Defendants or, as much as allowed by the Fair Labor Standards Act -- whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury*.

          Respectfully Submitted,

          J.H. Zidell, Esq.
          J.H. Zidell, P.A.
          Attorney for Plaintiff
          300 71st Street, Suite 605
          Miami Beach, Florida 33141
          Tel: (305) 865-6766
          Fax: (305) 865-7167
          Email: ZABOGADO@AOL.COM

          By:\_\_/s/ J.H. Zidell_____
          J.H. Zidell, Esq.
          Florida Bar Number: 0010121