UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LUIS ANGEL RAMOS NIEVES,   CASE NO. 16-20161-CIV-JEM

    Plaintiff,

v.

ANDRES RODRIGUEZ d/b/a ROVELL
MOBILE HOME PARK,
ANDRES RODRIGUEZ d/b/a TROPICAL
MOBILE HOME PARK,

    Defendants.
_____/

## DEFENDANTS' ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendants, ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK, ANDRES RODRIGUEZ d/b/a TROPICAL MOBILE HOME PARK, ("Defendants) by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and states:

1. Paragraph 1 sets forth legal conclusions to which no response is required. To the extent a response is required to Paragraph 1, it is admitted that Plaintiff purports to bring an action pursuant to the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201-216, et seq. It is denied that Plaintiff is entitled to any

relief from these Defendants.  All other allegations or inferences are denied.

2. Defendants are without knowledge as to the allegations in Paragraph 2.

3. Defendants deny the allegations of Paragraph 3 and demand strict proof thereof.

4. Defendants deny the allegations of Paragraph 4 and demand strict proof thereof.

5. Defendants deny the allegations contained in Paragraph 5 and demand strict proof thereof.

6. Defendants deny the allegations contained in Paragraph 6 and demand strict proof thereof.

7. Defendants deny the allegations contained in Paragraph 7 and demand strict proof thereof.

8. Defendants deny the allegations in Paragraph 8 and demand strict proof thereof.

9. Defendants deny the allegations contained in Paragraph 9 and demand strict proof thereof.

10. Defendants deny the allegations contained in Paragraph 10 and demand strict proof thereof.

11. Defendants deny the allegations contained in Paragraph 11 and demand

strict proof thereof.

12. Defendants admit the allegations of Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13 and demand strict proof thereof.

14. Defendants deny the allegations contained in Paragraph 14 and demand strict proof thereof.

15. Defendants deny the allegations contained in Paragraph 15 and demand strict proof thereof.

16. Defendants deny the allegations contained in Paragraph 16 and demand strict proof thereof.

17. Defendants deny the allegations contained in Paragraph 17 and demand strict proof thereof.

18. Defendants deny the allegations contained in Paragraph 18 and demand strict proof thereof.

19. Defendants deny the allegations contained in Paragraph 19 and demand strict proof thereof.

20. Defendants deny the allegations contained in Paragraph 20 and demand strict proof thereof.

21. Defendants deny the allegations contained in Paragraph 21 and demand

strict proof thereof.

22. Defendants deny the allegations contained in Paragraph 22 and demand strict proof thereof.

Defendants deny that the Plaintiff is entitled to all the relief sought in the "wherefore" clause found in Counts I-II.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff is not entitled to liquidated damages, during all or any part of the applicable time. Defendants acted in good faith conformity and had reasonable grounds to believe its conduct was not in violation of the FLSA.

2. Any claim for overtime compensation by Plaintiff must be offset by any premium compensation, overpayment, bonuses, compensatory time off, or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

3. Plaintiff may not recover both liquidated damages and prejudgment interest under the FLSA.

4. Defendants' violation, if any, was not willful in nature, and the cause of action should only accrue for two years from the filing of the Complaint. Plaintiff's claims are barred, at least in part, by the applicable statute of limitations under the Statute of Limitations.

5. Plaintiff's claims are barred by the doctrine of judicial estoppel.

6. Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with the Portal-to-Portal Act.

7. The regular rate cannot be computed based upon, and overtime compensation cannot be recovered by Plaintiff for periods of time during which they performed no work, including, breaks, vacation and/or sick leave, worker's compensation leave, or were otherwise absent from the workplace during that week, including during the holidays, missing meetings and other functions attended voluntarily.

8. Defendants have not violated any legal or contractual duty owed to Plaintiff who was not and never previously has been employed by Defendants, ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK, ANDRES RODRIGUEZ d/b/a TROPICAL MOBILE HOME PARK., Therefore, Plaintiff is not entitled to recover against the Defendants.

9. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the Complaint, fail to state facts sufficient to constitute a cause of action against Defendants.

10. Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the Complaint, cannot and

should not be maintained on a class-action or representative action because: those claims, and each of them, fail to meet the necessary requirements for class certification, including, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of a community of interest among the putative class; and because class certification is inappropriate due to defendants' lawful policies, pursuant to *Walmart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011).

11.     Plaintiff's claims, and each of them, brought on behalf of himself and the putative members of the purported class as set forth in the Complaint, are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

12.     Defendants have no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by the Plaintiff or putative members of the purported class as set forth in the Complaint, and Defendants did not authorize, require, request, suffer, or permit such activity by the Plaintiff or putative members of the purported class as set forth in the Complaint.

## **JURY TRIAL DEMAND**

Trial by jury demanded so triable of right by jury.

Dated this February 19, 2016.

Respectfully submitted,

**FEILER & LEACH, P.L.**
Attorneys for Defendants
The American Airlines Building
901 Ponce de Leon Blvd.
Suite No. 300
Coral Gables, Florida 33134
Tel. (305) 441-8818
Fax. (305) 441-8081
mel@flmlegal.com
erodriguez@flmlegal.com


BY  /s/ Martin E. Leach
         **Martin E. Leach**
         Fla. Bar No. 0037990

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically this 19th day of February, 2016 upon the following on the service list**:**

## SERVICE LIST

J.H. Zidell, Esq.
Rivkah F. Jaff, Esq.

J.H. Zidell, P.A.
300 71st Street
Suite 605
Miami Beach, Florida 33141
(305) 865-6766 Telephone
(305) 865-7167 Facsimile
zabogado@aol.com
rikah.jaff@gmail.com