UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20161-CIV-JEM

| | |
|---|---|
| LUIS ANGEL RAMOS NIEVES and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK, ANDRES RODRIGUEZ d/b/a TROPICAL MOBILE HOME PARK, | ) ) ) ) ) ) |
| Defendants. _____ | ) ) |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE AND SERVE FIRST AMENDED COMPLAINT

NOW COMES the Plaintiff, by and through undersigned, pursuant to 29 U.S.C. 216(b), and requests entry of an order granting the above-described Motion and as grounds thereof states as follows:

1. On January 12, 2016, Plaintiff filed the initial Complaint alleging overtime and minimum wage violations under 29 U.S.C. 201-216. [DE1].

2. On February 29, 2016, the Court entered a Scheduling Order setting forth all pre-trail deadlines. [DE22]. Per the Court's Order [DE22], the deadline to amend is May 12, 2016, and, as such, has not yet passed. Plaintiff now wishes to add the claim of ANTOLIN ACEVEDO AGUIAR alleging overtime and minimum wage violations under 29 U.S.C. 201-216 against Defendants, jointly and severally.

3. Adding the additional claim of ANTOLIN ACEVEDO AGUIAR is proper under Fed. R. Civ. P. 20(a)(1)(A) and (B) as ANTOLIN ACEVEDO AGUIAR asserts claims arising

out of the same series of transactions or occurrences as Plaintiff and there are questions of law or fact in common to ANTOLIN ACEVEDO AGUIAR. *See* Fed. R. Civ. P. 20(a)(1)(A) and (B).[1]

4. Adding said claim would serve judicial economy as ANTOLIN ACEVEDO AGUIAR would not be required to file a separate action for the identical issues.[2]

5. Furthermore, in Plaintiff's initial Complaint [DE1, FN 1] Plaintiff noted that Plaintiff had "not located a legal entity affiliated with ROVELL MOBILE HOME PARK, and TROPICAL MOBILE HOME PARK upon diligent search in relation to the Division of Corporations, but reserves the right to add Defendant entities should discovery reveal a legal entity that can be sued."

6. ANTOLIN ACEVEDO AGUIAR has provided copies of his payments which reflect the names WESTLAND MOBILE HOME PARK INC.,[3] ROVELL MOBILE HOME PARK CO., KINGSTONE MOBILE HOME PARK, and TROPICAL TRAILER PARK.[4]

---

[1] Fed. R.Civ. P. Rule 20 states as follows:

> Permissive Joinder of Parties
> (a) PERSONS WHO MAY JOIN OR BE JOINED.
> (1) *Plaintiffs*. Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

[2] As to Fed. R. Civ. P., Rules 18 and 19, such does not seem to be applicable as such deals with joinder of contingent claims and required joinder of parties.

[3] Upon diligent search of the Florida Department of State Division of Corporations (SunBiz) Plaintiff was able to locate the corporate entity WESTLAND MOBILE HOME PARK INC. for which the individual Defendant ANDRES RODRIGUEZ is listed as the Registered Agent and PDS.

7. Since it is clear that potential liability for the relevant employment period is justified regarding WESTLAND MOBILE HOME PARK INC.,[5] ROVELL MOBILE HOME PARK CO., KINGSTONE MOBILE HOME PARK, and TROPICAL TRAILER PARK, Plaintiff finds it necessary to seek leave to add WESTLAND MOBILE HOME PARK INC., ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO., ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK, and ANDRES RODRIGUEZ d/b/a ROPICAL TRAILER PARK, as party-Defendants as to Plaintiff and ANTOLIN ACEVEDO AGUIAR's claims, and discovery needs to be conducted regarding joint employment, joint enterprise, and individual liability.

8. Under information and belief, WESTLAND MOBILE HOME PARK INC., ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO., ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK, and ANDRES RODRIGUEZ d/b/a ROPICAL TRAILER PARK are part of a joint enterprise as defined by 29 U.S.C. 203(r) as the related activities between Defendants and WESTLAND MOBILE HOME PARK INC., ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO., ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK, and ANDRES RODRIGUEZ d/b/a ROPICAL TRAILER PARK, performed through unified operation and/or common control, are being done for a common business purpose. Said companies

---

[4] Upon diligent search of the Florida Department of State Division of Corporations (SunBiz) Plaintiff was unable to locate ROVELL MOBILE HOME PARK CO. and/or KINGSTONE MOBILE HOME PARK and/or TROPICAL TRAILER PARK as an entity or an entity doing business under these name.

[5] Upon diligent search of the Florida Department of State Division of Corporations (SunBiz) Plaintiff was able to locate the corporate entity WESTLAND MOBILE HOME PARK INC. for which the individual Defendant ANDRES RODRIGUEZ is listed as the Registered Agent and PDS.

act in tandem and for purposes of the issue of gross annual income regarding FLSA enterprise coverage, Plaintiff intends to stack income as appropriate pursuant to the applicable law.

9. Due to the nature of confusion in this matter, which is compounded by the fact that Defendants have not yet filed their Corporate Disclosures and paid Plaintiff by cash, this demonstrates good cause to allow the requested relief and for discovery to be conducted regarding joint employment, joint enterprise, and individual liability as it is important in this stage to include all proper parties in this matter.

10. Therefore, Plaintiff herewith moves this Court to add ANTOLIN ACEVEDO AGUIAR who wishes to join as party-Plaintiff to the instant lawsuit and to add WESTLAND MOBILE HOME PARK INC., ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO., ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK, and ANDRES RODRIGUEZ d/b/a ROPICAL TRAILER PARK, as party-Defendants.

## **MEMORANDUM OF LAW**

The deadline to amend has not yet passed per the Court's Order [DE22]. The case law is uniform that 29 U.S.C. 216(b) should be construed liberally to meet the objective of the avoidance of a multiplicity of lawsuits. *Culver v. Bell & Loffland, Inc.*, 146 F.2d 29 , (9th Cir. 1944).Also See *Shain v. Armour & Co.*, 40 F. Supp 488 (DC Ky, 1941). *Smith v. Stark Trucking, Inc.* 53 F. Supp 826, (DC Ohio 1943).(the purpose of 29 U.S.C. 216(b) is to allow similarly situated employees to have their cases heard in one action.) *Fowkes v. Dravo Corp.*, 62 F. Supp 361 (DC Pa. 1945). (Joinder, under the "Act", of additional parties should be liberally allowed

to meet objective of the avoidance of a multiplicity of lawsuits.) Also see *Barrett v. National Malleable & Steel Castings Co.* (DC Pa. 1946).

As stated above, Plaintiff now wishes to add the claim of ANTOLIN ACEVEDO AGUIAR alleging overtime and minimum wage violations under 29 U.S.C. 201-216 against Defendants and WESTLAND MOBILE HOME PARK INC., ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO., ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK, and ANDRES RODRIGUEZ d/b/a ROPICAL TRAILER PARK, jointly and severally.

An employment relationship is decided by applying the "economic realities test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001), and a crucial factor is determining whether Plaintiff was completely economically dependent on the Defendants. *See also Layton v. DHL Exp. (USA), Inc.,* 686 F.3d 1172, 1178-81 (11th Cir. 2012) (wherein it sets forth the various factors regarding joint employment). Clearly those factors (such as "nature and degree of control" etc.) need to be fleshed out via the discovery mechanism.

The Eleventh Circuit has "coined" the employer determination under the FLSA as one of law, but has simultaneously stated that if factual issues exist in the employer analysis, then summary judgment is inappropriate and a jury should be left the task of weighing the factual issues relative same. *See Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). As the Eleventh Circuit stated in *Apolinar Martinez-Mendoza et.al. v. Champion International Corporation*, 16 Fla. L. Weekly Fed. C945, (11th Cir. 2003), "no one factor is dispositive" and the laborer must establish the joint employment inference by a preponderance of the evidence." This smacks of a jury's determination rather than one of the trial judge---especially when a jury trial has been requested such as in the instant case. After all, it is axiomatic that Plaintiff is

entitled to a jury trial in Fair Labor Standard Act suits.  *Lewis v. Times Publishing Co.*, 185 F.2d 457 (5th Cir. 1950).  "[I]t is clear that a worker can be economically dependent on, and thus jointly employed by, more than one entity at the same time." *See, Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996) and *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500 (11th Cir. 1993).

The issues of joint enterprise is very fact specific which necessitates discovery.  For example, in applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business.  *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001).  *See Layton v. DHL Express, Inc.*, 686 F.3d 1172, 2012 U.S. App. LEXIS 13978, (11th Cir. 2012).   The term "enterprise" is defined under 29 USC Section 203(r)(1). Under enterprise coverage, "related activities conducted by what may be separate business entities are considered as part of the same enterprise if they are joined either through common control or unified operation into a unified business system or economic unit to serve a common business purpose."  *Brennan v. Patio Cleaners, Inc.*, 373 F.Supp 987, 990 (S.D. Ohio 1974). The term "enterprise" is defined under 29 USC Section 203(r)(1).  Regarding common control and business purpose, *see also, Marshall v. Suicide Prevention of Florida*, 1977 U.S. Dist. LEXIS 14681, *2 (S.D. Fla. 1977). *Marshall* used "a liberal construction of the Act" and found

"that the defendants were clearly an enterprise…." *Id.* at *9. [6] Plaintiff intends to argue the said entities income should be stacked as the aggregate exceeds the $500,000 threshold.

Given the said case law and the allegations in the Complaint, at the very least Plaintiff must be permitted to proceed with this matter via discovery. Factual questions remain concerning whether the current Defendants are joint employers and joint enterprises with WESTLAND MOBILE HOME PARK INC., ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO., ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK, and ANDRES RODRIGUEZ d/b/a ROPICAL TRAILER PARK..  Based on current information available, it is necessary to add WESTLAND MOBILE HOME PARK INC., ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO., ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK, and ANDRES RODRIGUEZ d/b/a ROPICAL TRAILER PARK, as a joint employer and joint enterprise, and discovery is needed regarding same.

Pursuant to SDLR 15.1, Plaintiff herewith attaches the proposed First Amended Complaint. It would serve justice to be sure all potential claims are included. Furthermore, amending the complaint to include the above amendments would not be burdensome to any factual discovery

---

[6]Employer and its parent corporation, even though they were under common control, did not share common business purpose and were not engaged in related activities, and therefore they were not one enterprise under FLSA; parent corporation functioned as holding company for variety of different types of corporations while employer was solely involved in running resort operation. *Nelson v Long Lines Ltd.* (2004, ND Iowa) 335 F Supp 2d 944, 9 BNA WH Cas 2d 1754.  In the instant matter, although discovery has been withheld, there is a good faith basis to allege a common business purpose at this time.  *See also*, Two closely-held corporations with common shareholders are "enterprise" within meaning of 29 USCS § 203(r) where one corporation produces bakery goods for retail sales in convenience food stores of which second corporation is either owner-operator or franchisor. *Dunlop v Mother Hubbard's Kitchen, Inc. (1976, ED Mo) 418 F Supp 34, 79* CCH LC P 33451.

as it involves many of the same facts the FLSA claims involve nor would it hinder any scheduling matters as it is still early in the case and the deadline to amend has not yet passed.

**WHEREFORE**, PLAINTIFFS RESPECTFULLY REQUEST THAT THIS HONORABLE COURT GRANT THIS MOTION AND ADD ANTOLIN ACEVEDO AGUIAR AS A PARTY-PLAINTIFF AND WESTLAND MOBILE HOME PARK INC., ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO., ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK, AND ANDRES RODRIGUEZ d/b/a ROPICAL TRAILER PARK, AS PARTY-DEFENDANTS IN THIS MATTER. PLAINTIFF ALSO RESPECTFULLY REQUESTS THE COURT ORDER DEFENDANTS THEIR ANSWER(S) OR OTHER RESPONSIVE PLEADING(S) TO PLAINTIFFS' FIRST AMENDED COMPLAINT WITHIN 10 DAYS OF THIS ORDER.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Defendants do not oppose Plaintiff adding the claims of ANTOLIN ACEVEDO AGUIAR. Defendants have not responded as to its position regarding adding the above named entities and have not provided its corporate disclosures as of the date of filing. In light of the upcoming Settlement Conference and issues related to statutes of limitations, Plaintiff files this Motion without having obtained Defendants response to the remaining matters Plaintiff moves on herein.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
Rivkah F. Jaff, Esquire
Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 3/17/16 TO:**

**MARTIN E. LEACH, ESQ.
FEILER & LEACH, P.L.
THE AMERICAN AIRLINES BUILDING
901 PONCE DE LEON BLVD., SUITE NO. 300
CORAL GABLES, FLORIDA 33134
TEL. (305) 441-8818
FAX. (305) 441-8081
MEL@FLMLEGAL.COM
ERODRIGUEZ@FLMLEGAL.COM**

**BY:___/s/___Rivkah Jaff_____
RIVKAH JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20161-CIV-JEM

| | |
|---|---|
| LUIS ANGEL RAMOS NIEVES and all others similarly situated under 29 U.S.C. 216(b), <br><br>　　　　Plaintiff, <br>　vs. <br><br>ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK, <br>ANDRES RODRIGUEZ d/b/a TROPICAL MOBILE HOME PARK, <br><br>　　　　Defendants. <br>_____ | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AND SERVE FIRST AMENDED COMPLAINT

This cause, having come before the Court on Plaintiff's above-described Motion, and the Court being duly advised in the premises, it is ORDERED and ADJUDGED that said motion is granted and therefore:

1. ANTOLIN ACEVEDO AGUIAR IS HEREBY ADDED AS PLAINTIFF IN THIS MATTER;

2. WESTLAND MOBILE HOME PARK INC., ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO., ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK, AND ANDRES RODRIGUEZ d/b/a ROPICAL TRAILER PARK, ARE HEREBY ADDED AS DEFENDANTS IN THIS MATTER AS TO BOTH PLAINTIFFS;

3. THE FIRST AMENDED COMPLAINT ATTACHED TO PLAINTIFFS' MOTION IS HEREBY DEEMED FILED AND DEFENDANTS SHALL FILE THEIR ANSWER(S)

OR OTHER RESPONSIVE PLEADING(S) TO PLAINTIFFS' FIRST AMENDED COMPLAINT WITHIN 10 DAYS OF THIS ORDER.

DONE AND ORDERED in chambers in Miami-Dade, Florida, on this _____ day of _____, 2016.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record