## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| LUIS ANGEL RAMOS NIEVES, ANTOLIN ACEVEDO AGUIAR, and all others similarly situated under 29 U.S.C. 216(b), | Case No. 1:16-cv-20161-JEM |
| **Plaintiffs,** | |
| v. | |
| ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK, ANDRES RODRIGUEZ d/b/a TROPICAL MOBILE HOME PARK, WESTLAND MOBILE HOME PARK, INC., ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO., ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK, ANDRES RODRIGUEZ d/b/a TROPICAL TRAILER PARK, CONSOLIDATED COMPANIES GROUP CO., and ANDRES RODRIGUEZ, | |
| **Defendants.** | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME AND MINIMUM WAGE VIOLATIONS

Defendants, ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK ("Defendant Rovell Mobile Home Park"), ANDRES RODRIGUEZ d/b/a TROPICAL MOBILE HOME PARK ("Defendant Tropical Mobile Home Park"), WESTLAND MOBILE HOME PARK, INC. ("Defendant Westland Mobile Home Park"), ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO. ("Defendant Rovell Mobile Home Park Co."), ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK ("Defendant Kingstone Mobile Home Park"), ANDRES RODRIGUEZ d/b/a TROPICAL TRAILER PARK ("Defendant Tropical

Trailer Park"), CONSOLIDATED COMPANIES GROUP CO. ("Defendant Consolidated Companies Group"), and ANDRES RODRIGUEZ ("Defendant Rodriguez") (collectively, "Defendants"),[1] hereby file their Answer and Affirmative Defenses to the Second Amended Complaint [D.E. 35] ("Second Amended Complaint") filed by Plaintiffs, LUIS ANGEL RAMOS NIEVES ("Plaintiff Nieves") and ANTOLIN ACEVEDO AGUIAR ("Plaintiff Aguiar") (collectively, "Plaintiffs"), and in support thereof, state as follows:

In response to the unnumbered paragraph preceding Paragraph 1 of the Second Amended Complaint, Defendants admit that Plaintiffs purport to sue Defendants, through their counsel, on their own behalf and on behalf of other alleged similarly situated individuals but deny that Plaintiffs' claims have any merit, Plaintiffs have suffered any harm for which Defendants are liable, Plaintiffs are entitled to any relief from Defendants or there are other similarly situated individuals.

In response to Foot Note 1 of the Second Amended Complaint, Defendants are without sufficient knowledge to admit or deny the allegations contained therein therefore demand strict proof thereof.

1.      In response to Paragraph 1, Defendants admit that Plaintiffs have brought this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA") but deny that Plaintiffs' claims have any merit, Plaintiffs have suffered any harm for which Defendants are liable, or Plaintiffs are entitled to any relief from Defendants.

2.      In response to Paragraph 2, Defendants state that they are without sufficient knowledge to admit or deny Plaintiffs' county of residence and therefore deny said allegations and demand strict proof thereof.

---

[1] With the exception of Defendant Westland Mobile Home Park and Consolidated Companies Group Co., the Defendants are not corporate entities.

2

3.      In response to Paragraph 3, Defendants admit that venue is proper in the Miami Division of the Court. Defendants deny the remaining allegations and demand strict proof thereof.

4.      In response to Paragraph 4, Defendants admit that venue is proper in the Miami Division of the Court. Defendants deny the remaining allegations and demand strict proof thereof.

5.      In response to Paragraph 5, Defendants admit that venue is proper in the Miami Division of the Court and that Defendant Westland Mobile Home Park is a corporation. Defendants deny the remaining allegations and demand strict proof thereof.

6.      In response to Paragraph 6, Defendants admit that venue is proper in the Miami Division of the Court. Defendants deny the remaining allegations and demand strict proof thereof.

7.      In response to Paragraph 7, Defendants admit that venue is proper in the Miami Division of the Court. Defendants deny the remaining allegations and demand strict proof thereof.

8.      In response to Paragraph 8, Defendants admit that venue is proper in the Miami Division of the Court. Defendants deny the remaining allegations and demand strict proof thereof.

9.      In response to Paragraph 9, Defendants admit that venue is proper in the Miami Division of the Court and that Defendant Consolidated Companies Group is a corporation. Defendants deny the remaining allegations and demand strict proof thereof.

10.     In response to Paragraph 10, Defendants deny the allegations contained therein and demand strict proof thereof.

11.     In response to Paragraph 11, Defendants acknowledge that venue is proper in Miami-Dade County, Florida but deny, in so far as Paragraph 11 alleges or implies, that Defendants violated any law, acted in any improper manner toward Plaintiffs or that Plaintiffs suffered or are entitled to any amount of damages or any other relief from Defendants.  Defendants deny all remaining allegations and demand strict proof thereof.

## COUNT I: FEDERAL OVERTIME WAGE VIOLATION

12.     In response to Paragraph 12, Defendants acknowledge that jurisdiction is proper in the United States District Court for the Southern District of Florida and that Plaintiffs purport to seek conditional certification of a collective action but deny that Plaintiffs' claims have any merit, Plaintiffs have suffered any harm for which Defendants are liable, Plaintiffs are entitled to any relief from Defendants, or there are other similarly situated individuals. Defendants deny the remaining allegations and demand strict proof thereof.

13.     In response to Paragraph 13, Defendants acknowledge that jurisdiction is proper in the United States District Court for the Southern District of Florida but deny that Plaintiffs' claims have any merit, Plaintiffs have suffered any harm for which Defendants are liable, or Plaintiffs are entitled to any relief from Defendants.

14.     In response to Paragraph 14, Defendants state that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations and demand strict proof thereof.

15.     In response to Paragraph 15, Defendants deny the allegations contained therein and demand strict proof thereof.

16.      In response to Paragraph 16, Defendants deny the allegations contained therein and demand strict proof thereof.

17.     In response to Paragraph 17, Defendants deny the allegations contained therein and demand strict proof thereof.

18.     In response to Paragraph 18, Defendants deny the allegations contained therein and demand strict proof thereof.

19.     In response to Paragraph 19, admitted as to Defendant Consolidated Companies Group only. Defendants deny the remaining allegations and demand strict proof thereof.

20.     In response to Paragraph 20, Defendants deny the allegations contained therein and demand strict proof thereof.

21.     In response to Paragraph 21, Defendants deny the allegations contained therein and demand strict proof thereof.

22.     In response to Paragraph 22, Defendants deny the allegations contained therein and demand strict proof thereof.

23.     In response to Paragraph 23, Defendants deny the allegations contained therein and demand strict proof thereof.

24.     In response to Paragraph 24, Defendants deny the allegations contained therein and demand strict proof thereof.

25.     In response to Paragraph 25, Defendants deny the allegations contained therein and demand strict proof thereof.

In response to the Wherefore Clause of Count I of the Second Amended Complaint, Defendants acknowledge that Plaintiffs seek damages and reasonable attorneys' fees, costs, interest and other relief from Defendants and that Plaintiffs seek a trial by jury but deny that

Plaintiffs' claims have any merit, Plaintiffs have suffered any harm for which Defendants are liable, or Plaintiffs are entitled to any relief from Defendants.

## COUNT II: FEDERAL MINIMUM WAGE VIOLATION

In response to the unnumbered paragraph preceding Paragraph 26, Defendants re-affirm and re-aver Defendants' prior answers to all preceding paragraphs of the Second Amended Complaint as re-alleged in the unnumbered paragraph.

26.     In response to Paragraph 26, Defendants state that the allegations contained therein are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny those allegations and demand strict proof thereof.

27.     In response to Paragraph 27, Defendants deny the allegations contained therein and demand strict proof thereof.

28.     In response to Paragraph 28, Defendants deny the allegations contained therein and demand strict proof thereof.

29.     In response to Paragraph 29, Defendants deny the allegations contained therein and demand strict proof thereof.

30.     In response to Paragraph 30, Defendants deny the allegations contained therein and demand strict proof thereof.

31.     In response to Paragraph 31, Defendants deny the allegations contained therein and demand strict proof thereof.

In response to the Wherefore Clause of Count II of the Second Amended Complaint, Defendants acknowledge that Plaintiffs seek damages and reasonable attorneys' fees, costs, interest and other relief from Defendants and that Plaintiffs seek a trial by jury but deny that

Plaintiffs' claims have any merit, Plaintiffs have suffered any harm for which Defendants are liable, or Plaintiffs are entitled to any relief from Defendants.

## **GENERAL DENIAL**

Defendants deny all allegations, requests for relief, captions, headings, or notes throughout the Second Amended Complaint that are not specifically admitted by Defendants.

## **AFFIRMATIVE DEFENSES AND DEFENSES**

Subject to and without waiving the above denials, Defendants allege the following further and separate affirmative defenses and defenses:

1.     Defendants were not "employers" of the Plaintiffs under the Fair Labor Standards Act.

2.     To the extent Plaintiffs and other individuals allegedly similarly situated performed any services for any of the Defendants, Plaintiffs and such other individuals were independent contractors and not "employees" under the Fair Labor Standards Act.

3.     In the alternative, should it be found Plaintiffs and other individuals allegedly similarly situated were "employees" under the Fair Labor Standards Act, Plaintiffs and such other individuals were salaried, non-exempt employees and are only entitled to one half their regular rate of pay per overtime hour they worked should they prove they worked overtime.

4.     In the alterative, Defendants used the Fluctuating Work Week method of compensation permitted by the Fair Labor Standards Act as an alternate form of compensation.

5.     Defendants have violated no legal or contractual duty owed to Plaintiffs or any other individuals allegedly similarly situated.  Therefore, Plaintiffs and other individuals allegedly similarly situated are not entitled to recover against Defendants.

6.      Plaintiffs and other individuals allegedly similarly situated have been paid all wages which were due and owing and to which they were entitled to.

7.      If Plaintiffs or other individuals allegedly similarly situated prove that Defendants acted in violation of the Fair Labor Standards Act, such actions were not willful or reckless but rather in good faith and based on a reasonable belief that such actions were not in violation of the Fair Labor Standards Act.  Thus, neither liquidated damages nor an extended statute of limitations is warranted.

8.      Plaintiffs' claims and the claims of any other individuals allegedly similarly situated for unpaid wages, if any, are *de minimus*, and therefore not subject to payment and do not violate the Fair Labor Standards Act.

9.      To the extent that Plaintiffs or other individuals allegedly similarly situated engaged in activities during alleged work time that were personal in nature, were not for the benefit of Defendants, or did not involve physical or mental exertion controlled or required by Defendants, Plaintiffs' claims and the claims of other individuals similarly situated are barred.

10.      Plaintiffs' claims and the claims of other individuals allegedly similarly situated may be barred by the doctrine of estoppel if Plaintiffs or other individuals allegedly similarly situated fraudulently represented that they worked certain hours, Defendants paid them for those hours, and Defendants reasonably relied on those representations to their detriment.

11.      If Defendants violated the FLSA, they are entitled to a set-off from any amount awarded based on Plaintiffs or other individuals allegedly similarly situated being compensated for hours they did not work.

12.      Plaintiffs are not appropriate representatives for the proposed class in that they are not similarly situated to those they seek to represent.

Case No. 1:16-cv-20161-JEM

13.     Plaintiffs lack standing to raise claims that they seek to bring as a collective action.

14.     The type of claims that Plaintiffs seek to bring as a collective action are matters on which individual issues predominate and are not appropriate for collective treatment.

15.     Plaintiffs' claims are not similar, common, or typical to those of the individuals allegedly similarly situated, and there is no basis in law or fact for a collective action.

## RESERVATION OF RIGHTS

Defendants hereby give notice that Defendants intend to rely on such other affirmative defenses and defenses as might become available or apparent during the course of discovery, and thus, Defendants reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses and Defenses.

WHEREFORE, Defendants respectfully request that the Court enter judgment in their favor, dismissing Plaintiffs' claims with prejudice and awarding Defendants their costs.

Respectfully submitted this 28th day of April, 2016.

By:     /s/ Diane P. Perez
        Diane P. Perez, Esq. (41869)
        E-mail: *diane@dianeperezlaw.com*
        **DIANE PEREZ, P.A.**
        201 Alhambra Circle, Suite 1200
        Coral Gables, Florida 33134
        Telephone: (305) 985-5676
        Facsimile: (305) 985-5677
        Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel or pro sec parties identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

## SERVICE LIST

J.H. Zidell, Esq.
Rivkah Jaff, Esq.
**J.H. ZIDELL, P.A.**
*Attorneys for Plaintiffs*
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: 305-865-6766
Fax: 305-865-6766
E-mail: zabogado@aol.com
E-mail: rivkah.jaff@gmail.com