IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| LUIS ANGEL RAMOS NIEVES, ANTOLIN ACEVEDO AGUIAR, and all others similarly situated under 29 U.S.C. 216(b), <br><br> Plaintiffs, <br><br> v. <br><br> ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK, ANDRES RODRIGUEZ d/b/a TROPICAL MOBILE HOME PARK, WESTLAND MOBILE HOME PARK, INC., ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO., ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK, ANDRES RODRIGUEZ d/b/a TROPICAL TRAILER PARK, CONSOLIDATED COMPANIES GROUP CO., and ANDRES RODRIGUEZ, <br><br> Defendants. | Case No. 1:16-cv-20161-MARTINEZ-GOODMAN |

**DEFENDANTS' OMNIBUS MOTION *IN LIMINE***

Defendants, ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK ("Defendant Rovell Mobile Home Park"), ANDRES RODRIGUEZ d/b/a TROPICAL MOBILE HOME PARK ("Defendant Tropical Mobile Home Park"), ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO. ("Defendant Rovell Mobile Home Park Co."), ANDRES RODRIGUEZ d/b/a TROPICAL TRAILER PARK ("Defendant Tropical Trailer Park"), CONSOLIDATED COMPANIES GROUP CO. ("Defendant Consolidated Companies Group Co.") and ANDRES RODRIGUEZ ("Defendant Rodriguez") (collectively, "Defendants"), pursuant to the Court's Order dated September 2, 2016 [D.E. 88], hereby file the following motions *in limine*:

## BACKGROUND

This case arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"), Florida's Civil Theft Statute, Fla. Stat. §§ 772.11 and 812.014, and common law conversion. In their Third Amended Complaint, Plaintiffs, LUIS ANGEL RAMOS NIEVES ("Plaintiff Nieves") and ANTOLIN ACEVEDO AGUIAR ("Plaintiff Aguiar") (collectively, "Plaintiffs"), allege Defendants failed to pay them the applicable minimum wage per hour they worked and overtime compensation. *See* D.E. 89. Plaintiffs allege they worked for Defendants as handymen. D.E. 89 at ¶¶ 15-16. Plaintiff Nieves alleges he worked for Defendants from on or about April 1, 2014 through on or about October 5, 2015. D.E. 89 at ¶¶ 15, 27-28, 38-39. Plaintiff Aguiar alleges he worked for Defendants from on or about January 1, 2012 through on or about February 4, 2015. D.E. 89 at ¶¶ 16, 29, 40. Plaintiff Aguiar also alleges civil theft and conversion claims arising from the alleged sale by Defendants of "land for which Plaintiff Aguiar had title to and to which Plaintiff Aguiar had his trailer affixed to." D.E. 89 at ¶ 47.

On or about November 28, 2016, Defendants filed their Motion for Summary Judgment. *See* D.E. 110. In their Motion, Defendants argue that Plaintiffs have failed to: (1) satisfy conditions precedent prior to filing their FMWA and civil theft claims; (2) demonstrate "individual" or "enterprise" coverage under the FLSA; and (3) demonstrate they were employees of Defendants under the FLSA and FMWA. *See* D.E. 110. Defendants also argue Plaintiff Aguiar has failed to demonstrate that Defendant acted with felonious intent and that he had title to the land at Rovell Mobile Home Park, as alleged by him in the Third Amended Complaint. *See* D.E. 110

## STANDARD FOR ADMISSIBILITY OF EVIDENCE AT TRIAL

Federal Rules of Evidence 401, 402 and 403 govern the admissibility of relevant evidence at trial. Rule 402 provides that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In other words, evidence that does not relate to matters at issue is not relevant and is inadmissible.

"[A]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…." Fed. R. Evid. 403; *see also U.S. v. Hooks*, 147 Fed. Appx. 956, 957-958 (11th Cir. 2005). The Eleventh Circuit has defined the term "unfair prejudice" in Rule 403 as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id*. at 957-58 (internal quotation marks and citations omitted).

## MOTIONS

### A. MOTION TO EXCLUDE EVIDENCE RELATING TO OTHER WAGE AND HOUR LAWSUITS AND SETTLEMENTS INVOLVING DEFENDANTS.

Plaintiffs should be barred from introducing evidence (including the existence and facts) of other wage and hour lawsuits involving Defendants. Such evidence is not relevant and would only serve to confuse or to suggest to the jury that Defendants have engaged (and continue to engage in) the practice of violating the FLSA and/or FMWA.

Defendants anticipate Plaintiffs will seek to introduce evidence of an FLSA action filed against Defendants Consolidated Companies Group Co. and Rodriguez in the 11th Judicial

Case No. 1:16-cv-20161-Martinez/Goodman

Circuit in and for Miami-Dade County, Florida,[1] which was settled at mediation in October 2016. In opposing Defendants' Motion for Summary Judgment, Plaintiffs submitted an affidavit from Norma Garcia ("Ms. Garcia") (*see* D.E. 60-1 and 115-3), the plaintiff in the state court FLSA action. Ms. Garcia, a former independent contractor of Defendant Consolidated Companies Group Co., alleged in the state court FLSA action that she, as an employee of Defendants under the FLSA, was entitled to minimum wage and overtime compensation that she never received.

This action, however, does not concern whether Defendant Consolidated Companies Group Co. misclassified Ms. Garcia (who did not perform the same work as or similar work to the work Plaintiffs allege they performed) or whether Ms. Garcia was paid the applicable minimum wage rate or overtime compensation. Instead, the issue here is whether Plaintiffs were employees of Defendants for purposes of the FLSA and if so, whether Plaintiffs are owed minimum wage and overtime compensation. Other wage and hour lawsuits involving Defendants, including any settlements of such lawsuits, bear no relation to this case.

Moreover, even if there is any conceivable relevance (which there is not), such relevance is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or the misleading of the jury. *See* Fed. R. Evid. 403. Further, "[e]vidence of a . . . wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character..." *See* Fed. R. Evid. 404(b)(1). Here, the evidence in question may compel the jury to award damages to Plaintiffs not because the evidence supports a finding that they were entitled to minimum wage and/or overtime

---

[1] Norma Garcia v. Consolidated Companies Group Co. and Andres Rodriguez, Case No. 15-018042 CA-23.

compensation under the FLSA or FMWA, but because the jury believes (albeit improperly) that Defendants have a history of breaking the law and/or misclassifying their workers.

Finally, given the state court FLSA action was resolved and no judgment was ever entered against Defendants, the Court should not waste the jury's time in essentially conducting a mini-trial on Ms. Garcia's claims even though Plaintiffs seek liquidated damages and an extended statute of limitations.[2] *See Nwegbo v. Borough*, Civil Action No. 12-CV-05063, 2013 U.S. Dist. LEXIS 97847, at *7 (E.D. Pa. July 10, 2013) (finding the court will not waste the jury's time in conducting mini-trials regarding allegations in other cases); *see also Ojeda-Sanchez v. Bland Farms, LLC*, 499 Fed. Appx. 897, 902-904 (11th Cir. 2012) (finding no reversible error in district court's legal conclusions that defendant's violation of the FLSA was not willful and that defendant acted in good faith despite six prior lawsuits that had been filed against Defendants where there had never been a single finding of an FLSA violation). For these reasons, the Court should exclude evidence of, including the existence, facts of and evidence from, any and all wage and hour lawsuits involving the Defendants.

B. **MOTION TO EXCLUDE EVIDENCE RELATING TO THE LIVING CONDITIONS OF: (1) PLAINTIFF NIEVES WHILE LIVING AT THE MOBILE HOME PARK; AND (2) PLAINTIFF AGUIAR AFTER BEING EVICTED FROM THE MOBILE HOME PARK**

Defendants anticipate that Plaintiffs will seek to introduce evidence, including pictures, of Plaintiff Nieves' living conditions while living at, and Plaintiff Aguiar's living conditions after being evicted from, one of the two mobile home parks managed by Defendant Consolidated Group Co. Plaintiffs should be barred from doing so.

---

[2] While Fed. R. Evid. 404(b)(2) provides that "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. . .," the fact Ms. Garcia sued Defendants (absent a judgment against Defendants) does nothing to establish willfulness or a lack of good faith by Defendants. *See Ojeda-Sanchez v. Bland Farms, LLC*, 499 Fed. Appx. 897, 902-904 (11th Cir. 2012).

Both Plaintiffs allege violations of the FLSA and FMWA. The damages a successful plaintiff may recover under the FLSA or FMWA are limited to the minimum wage, overtime compensation, liquidated damages, attorneys' fees and costs. *See* 29 U.S.C. § 260 and Fla. Stat. § 448.110(6)(c)(1). In other words, neither statute provides for the ability to recover for damages arising from the alleged living conditions of Plaintiffs during or after the time they lived at the mobile home parks. Thus, the evidence (pictures and testimony) Plaintiffs seek to introduce is simply not relevant to these claims. *See* Fed. R. Evid. 401.

Similarly, evidence of Plaintiff Aguiar's living conditions bears no relation to Plaintiff Aguiar's civil theft and conversion claims. Under Florida's Civil Theft Statute, a plaintiff may recover, upon proper proof, three times the **actual** damages sustained, or a minimum of $200.00, and reasonable attorney's fees and costs. Fla. Stat. § 772.11(1) (emphasis added). Further, "the proper measure of damages in a conversion action is the fair market value of the property converted on the day it was converted plus legal interest to the date of judgment." *Wallace Int'l Trucks, Inc. v. Magruda Trucking Co., LP*, Case No. 2:05-cv-277-FTM-34DNF, at * 22-23 (M.D. Fla., March 19, 2007).[3] Because neither statute provides for non-economic compensatory damages, evidence, including pictures, and testimony, relating to Plaintiffs' living conditions is not relevant. *See* Fed. R. Evid. 401.

Finally, even if there is any conceivable relevance (which there is not), the relevance of such evidence is substantially outweighed by the danger that such evidence will

---

[3] Punitive damages are appropriate on a conversion claim "where the circumstances surrounding the conversion are such to show fraud, actual malice, deliberate violence, or oppression or gross negligence as to indicate wanton disregard for the rights of others." *See id.* Plaintiff Aguiar's living conditions does nothing to establish fraud, actual malice, deliberate violence, or oppression or gross negligence by Defendants.

6

unfairly prejudice the minds of the jurors in favor of the Plaintiffs. *See* Fed. R. Evid. 403. For these reasons, the evidence should be excluded.

C. **MOTION TO EXCLUDE EVIDENCE THAT DEFENDANTS FAILED TO PAY PLAINTIFF AGUIAR OVERTIME COMPENSATION FOR OVERTIME HOURS HE ALLEGES HE WORKED PRIOR TO MARCH 21, 2013.**

Evidence and testimony that Defendants failed to pay Plaintiff Aguiar overtime compensation for overtime hours he alleges he worked prior to March 21, 2013 should also be excluded. 29 U.S.C. § 255(a) provides that a cause of action under the FLSA: "may be commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three (3) years after the cause of action accrued. Thus, the FLSA bars any claims by Plaintiff Aguiar before March 21, 2013 (three years prior to the date Plaintiff Aguiar filed his claims). Therefore, evidence about overtime hours Plaintiff Aguiar alleges he worked prior to March 21, 2013 but was never properly paid for is irrelevant and should be excluded.

D. **MOTION TO EXCLUDE EVIDENCE REGARDING THE HOURS WORKED, THE TYPE OF WORK PERFORMED, THE COMPENSATION RECEIVED BY AND OTHER TERMS AND CONDITIONS RELATING TO WORK PERFORMED BY NON-TESTIFYING CURRENT OR FORMER WORKERS.**

The Court should prohibit Plaintiffs from introducing evidence, including testimony, regarding the hours worked, the type of work performed, the compensation received by and other terms and conditions relating to work performed by non-testifying current or former workers (whether employees or independent contractors) of Defendants.[4]

Federal Rule of Evidence 602 requires that a witness have personal knowledge of a matter in order to testify on such matter. A witness is not allowed to resort to conjecture, guess,

---

[4] Defendants subpoenaed for deposition several witnesses identified by Plaintiffs, who failed to appear to their depositions, without an excusable reason.

7

or surmise as to the basis for his or her testimony. *Thomsa v. Evenflo Co.*, 205 Fed. Appx. 768, 772 (11th Cir. 2006) (proper to strike testimony that is not based on personal knowledge). Lay inferences or opinions must be "grounded in personal knowledge or experience" and cannot be "flights of fancy, speculations, hunches, intuitions, or rumors about matters remote from that experience." *Visser v. Packer Eng'g Assoc.*, 924 F.2d 655 (7th Cir. 1991); *see also Martinez v. Rabbit Tanaka Corp.*, No. 04-61504, 2006 U.S. Dist. LEXIS 97084, at * 25 (S.D. Fla. Jan. 6, 2006) ("[w]hile qualification under Federal Rule of Evidence 702 permits a witness to offer opinion testimony, it does not permit that witness to offer factual testimony without personal knowledge in contravention of Rule 602"). Here, unless Plaintiffs observed non-testifying workers perform their work at all times and on a daily basis (of which there is no record evidence), Plaintiffs cannot possibly have personal knowledge of the hours worked and the type of work performed by non-testifying workers. Nor can Plaintiffs possibly have personal knowledge of the terms and conditions relating to such work, including, but not limited to, the compensation received by those workers. Without this foundation, Rule 602 bars such testimony.

Moreover, any such evidence is likely to be based upon and permeated with hearsay in violation of Federal Rules of Evidence 801 and 802. What one individual tells another (such as the work they performed, the compensation they received, and other terms and conditions relating to the performance of such work) is simply not admissible for the truth of that matter. *See* Fed. R. Evid. 802. Plaintiff Aguiar submitted a declaration in which he attests to having knowledge of the terms and conditions relating to work performed by others, such as whether other workers created their own work schedules (*see* D.E. 60-3, ¶ 9) and whether their work was evaluated by Defendant Rodriguez (*see* D.E. 60-3, ¶ 10). Plaintiff Aguiar, however, cannot possibly have personal knowledge of these matters. Indeed, Plaintiff Aguiar admitted at

his deposition that he did not: (1) know anyone else who performed the work he performed; and (2) no one worked alongside him. Aguiar's Dep. p. 51: 5-15, 24; 52: 1-3.

Given the Plaintiffs have no personal knowledge of the exact hours worked, the type of work performed, the compensation received by and the terms and conditions relating to the work of other workers, including Mr. Marti and Ms. Garcia, Plaintiffs should be prohibited from introducing any evidence as to these matters at trial.

### E. MOTION TO EXCLUDE LAY OPINIONS REGARDING FLSA AND FMWA OBLIGATIONS AS INADMISSIBLE LEGAL OPINIONS AND AS IRRELEVANT, UNRELIABLE AND MISLEADING.

Plaintiffs should be barred from introducing lay opinions or testimony on issues that are outside the realm of lay testimony – the legal conclusion as to whether they were employees under the FLSA or FMWA. Plaintiffs are not attorneys and have no expertise in the FLSA or FMWA. Plaintiffs' evidence, including testimony, regarding their personal views about the law and whether they were in fact employees is irrelevant, misleading, and otherwise inadmissible.

A lay witness may not offer opinion testimony unless it is rationally based on his own perception and helpful to the trier of fact. If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those: (a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *See* Fed. R. Evid. 701. A lay witness may not offer testimony that "results from a process of reasoning which can be mastered only by a specialist in the field." Fed. R. Evid. 701 comment to 2000 Amendments (*quoting State v. Brown*, 836 S.W.2d 530, 549 (1992). If the proposed lay witness' testimony is based on knowledge that is not

"within the capacity of any reasonable lay person," that witness is in fact an expert. *United States v. Hamaker*, 455 F.3d 1316, 1331-32 (11th Cir. 2006).

Here, Plaintiffs (and other current or former workers of Defendants, including Ms. Garcia), are non-lawyers with no training or experience in the FLSA, FMWA, or their application to employers. Indeed, as the issues of FLSA and FMWA obligations are legal, such testimony would invade the province of the Court and would only serve to mislead the jury. For these reasons, such anticipated testimony fails to satisfy the statutory requirements for admission of lay opinion testimony.

### F. MOTION TO EXCLUDE EVIDENCE OF DEFENDANTS' FINANCIAL CONDITION AND CERTAIN REFERENCES TO THE PARTIES.

Defendants seek to exclude any evidence of their actual financial condition, as disclosed in discovery. Defendants also seek to exclude all reference to Defendants as "wealthy," "thriving," "slumlords," or other similar words and any reference to Plaintiffs as "the little guys" or similar phrases. Defendants further seek to exclude any reference to the fact Plaintiff Aguiar is homeless, as he testified he was at his deposition. Any such testimony is not only irrelevant (*see* Fed. R. Evid. 402 and 202), but its probative value is substantially outweighed by a danger of unfair prejudice to Defendants. *See* Fed. R. Evid. 403.

**WHEREFORE**, Defendants respectfully request that the Court grants these Motions *in Limine* and for any other relief the Court deems just and proper.

Respectfully submitted this 9th day of January, 2017.

By: /s/ Diane P. Perez
Diane P. Perez, Esq. (41869)
E-mail: *diane@dianeperezlaw.com*
**DIANE PEREZ, P.A.**
201 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (305) 985-5676

Case No. 1:16-cv-20161-Martinez/Goodman

Facsimile: (305) 985-5677
Attorney for Defendants

## CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), counsel for Defendants conferred with counsel for Plaintiffs via email regarding the relief sought herein. Plaintiffs oppose the relief sought.

/s/DIANE PEREZ
Diane Perez, Esq.
Florida Bar No.: 41869

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2017, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or pro sec parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

## SERVICE LIST

**SERVICE LIST**
J.H. Zidell, Esq.
Rivkah Jaff, Esq.
J.H. ZIDELL, P.A.
Attorneys for Plaintiffs
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: 305-865-6766
Fax: 305-865-6766
E-mail: zabogado@aol.com
E-mail: rivkah.jaff@gmail.com

11