**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| **LUIS ANGEL RAMOS NIEVES, ANTOLIN ACEVEDO AGUIAR, and all others similarly situated under 29 U.S.C. 216(b),**<br><br>**Plaintiffs,**<br><br>v.<br><br>**ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK, ANDRES RODRIGUEZ d/b/a TROPICAL MOBILE HOME PARK, WESTLAND MOBILE HOME PARK, INC., ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO., ANDRES RODRIGUEZ d/b/a KINGSTONE MOBILE HOME PARK, ANDRES RODRIGUEZ d/b/a TROPICAL TRAILER PARK, CONSOLIDATED COMPANIES GROUP CO., and ANDRES RODRIGUEZ,**<br><br>**Defendants.** | Case No. 1:16-cv-20161-MARTINEZ-GOODMAN |

**DEFENDANTS' MOTION TO STRIKE OR IN THE ALTERNATIVE, TO DISREGARD PLAINTIFFS' SUPPLEMENTAL AFFIDAVIT AND DECLARATION [D.E. 134-1] AS UNTIMELY, SHAMS, NOT IN COMPLIANCE WITH RULE 56(c)(1)(4),
<u>AND AS HAVING BEEN FILED IN BAD FAITH</u>**

Pursuant to Federal Rule of Civil Procedure 56(h), Defendants, ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK ("Defendant Rovell Mobile Home Park"), ANDRES RODRIGUEZ d/b/a TROPICAL MOBILE HOME PARK ("Defendant Tropical Mobile Home Park"), ANDRES RODRIGUEZ d/b/a ROVELL MOBILE HOME PARK CO. ("Defendant Rovell Mobile Home Park Co."), ANDRES RODRIGUEZ d/b/a TROPICAL

TRAILER PARK ("Defendant Tropical Trailer Park"), CONSOLIDATED COMPANIES GROUP CO. ("Defendant Consolidated Companies Group Co.") and ANDRES RODRIGUEZ ("Defendant Rodriguez") (collectively, "Defendants"), hereby file this Motion to Strike or In the Alternative, to Disregard the Supplemental Affidavit and Declaration submitted by Plaintiffs, Luis Angel Ramos Nieves ("Plaintiff Nieves") and Antolin Acevedo Aguiar ("Plaintiff Aguiar"), [D.E. 134-1] and state as follows:

## I.     INTRODUCTION

Plaintiffs have submitted, out of time and without leave of court, an affidavit and declaration, which purportedly supplement Plaintiffs' Motion for Summary Judgment [D.E. 112] or their Opposition to Defendants' Motion for Summary Judgment [D.E. 126]. The untimely affidavit and declaration contradict Plaintiffs' prior sworn deposition testimony, do not comply with the Fed. R. Civ. P. 56(c)(1)(4), and were submitted in bad faith. For these reasons, the supplemental affidavit and declaration should be stricken, or in the alternative, disregarded by the Court.

## II.    BACKROUND

1.    This case arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"), Florida's Civil Theft Statute, Fla. Stat. §§ 772.11 and 812.014, and common law conversion.  In their Third Amended Complaint, Plaintiffs allege Defendants failed to pay them the applicable minimum wage per hour they worked and overtime compensation. *See* D.E. 89.

2.    On September 2, 2016, the Court set the case dispositive motion deadline for on or before November 28, 2016. D.E. 88.

3. On November 28, 2016, each party filed a Motion for Summary Judgment. *See* D.E. 110, 112.

4. Among others, Defendants argue in their Motion for Summary Judgment that Plaintiffs have failed to demonstrate: (1) individual or enterprise coverage under the FLSA; and (2) that they were employees of Defendants under the FLSA and FMWA. *See* D.E. 110.

5. In their Motion for Summary Judgment, Plaintiffs argue they have in fact proven enterprise coverage under the FLSA and that they were employees of Defendants under the FLSA and FMWA. *See* D.E. 112.

6. Despite having timely filed a Motion for Summary Judgment on enterprise coverage and with an affidavit in which they attest to the manufacture location of the tools and equipment they used, Plaintiffs filed a Motion to Supplement Summary Judgment Should the Court Grant Additional Discovery Regarding Interstate Commerce (the "Motion to Supplement") on November 30, 2016. *See* D.E. 116. Through the filing of the Motion to Supplement, Plaintiffs seek leave of court to supplement their Motion for Summary Judgment to include information obtained by them through an inspection of Defendant Consolidated Companies Group Co.'s properties.[1] *See* D.E. 116.

7. On December 15, 2016, Defendants filed their Response in Opposition to Plaintiffs' Motion to Supplement. *See* D.E. 120. Defendants argue it was Plaintiffs failure to conduct discovery with reasonable diligence (not Defendants' conduct) that resulted in Plaintiffs

---

[1] Plaintiffs sought a property inspection late in this action in order to determine the manufacturing location of certain tools and equipment Plaintiffs allege they used while working – information Plaintiffs could have easily and timely obtained through other sources had they simply been diligent in conducting discovery.

claims they have been unable to obtain evidence of where tools and equipment were manufactured. *See* D.E. 120.

8. To date, the Court has not ruled on the Motion to Supplement.

9. Despite knowing they needed leave of court in order to supplement summary judgment, Plaintiffs nevertheless filed the supplemental affidavit and declaration, which Defendants now seek to strike.[2]

10. The supplemental affidavit and declaration were untimely, shams, not in compliance with Fed. R. Civ. P. 56(c)(1)(4), and filed in bad faith.

**III. ARGUMENT**

**A. Plaintiffs' supplemental affidavit and declaration are untimely, and without leave of Court, should not have been filed.**

The Court should not allow Plaintiffs to submit summary judgment affidavits long after the case dispositive deadline expired. The Eleventh Circuit recognizes a district court's inherent authority and broad discretion to manage the schedule of litigation pending before it. *See Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Here, the Court set a firm deadline for summary judgment briefing and evidentiary materials. Plaintiffs' supplemental affidavit and declaration, which were filed over a month after the Court's deadline expired, should be denied as untimely and stricken. *See Krouse v. America Sterilizer Co.*, 984 F. Supp. 891, 913-915 (W.D. Pa. 1996) (granting motion to strike affidavits as untimely, not based on personal knowledge, conclusory and self-serving), *aff'd by Krouse v. America Sterilizer Co.*, 126 F.3d 494 (3d Cir. 1997); *see also Pfeil v. Rogers*, 757 F.2d 850, 858 (7th Cir. 1985) (finding district court's

---

[2] Given Defendants have already responded to Plaintiffs' Motion for Summary Judgment and have replied to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment, Defendants should have an opportunity to respond to and provide evidence relating to the allegations in the supplemental affidavit and declaration should the Court deny this Motion.

4

decision to disregard all materials submitted after a reasonable filing deadline is "certainly not an abuse of discretion because it allowed the district court to preserve the moving party's right to respond to the resisting party's arguments and to decide the summary judgment motion in a timely fashion."). Plaintiffs knew the supplemental affidavit and declaration were untimely and that they needed leave of court before filing them but filed them anyway. The supplemental affidavit and declaration should be stricken.

### B. Like the other affidavits and declarations submitted by Plaintiffs, the supplemental affidavit and declaration are shams.

Like the other affidavits and declarations submitted by Plaintiffs [*see* D.E. 60-3, 60-4, 115-1, and 115-2], the statements contained in the supplemental affidavit and declaration directly contradict Plaintiffs' sworn deposition testimony. The supplemental affidavit and declaration are shams. It is well-settled that a court should disregard an affidavit when the affidavit directly contradicts prior deposition testimony. *See Van T. Junkins and Assoc., Inc. v. U.S. Industries, Inc.,* 736 F.2d 656, 657 (11th Cir.1984); *see Durden v. Citigroup Trust Bank*, Case No. 3:07-cv-974-J-34JRK, 2009 U.S. Dist. LEXIS 127347, * 31-39 (M.D. Fla. 2009) (concluding that "Plaintiff's affidavit is so inherently inconsistent with his prior deposition testimony as to warrant" setting aside the sworn affidavit as a sham.). The court should do so here.

In his supplemental declaration, Plaintiff Aguiar attests he "was also provided by Defendant Rodriguez the garbage pick to collect the garbage on." D.E. 134-1 at p. 4. Plaintiff Aguiar, however, testified under oath at his deposition that the shovel he used to pick up garbage, the only item he used when picking up garbage, belonged to Plaintiff Aguiar. Aguiar's Dep. at 42: 4-8. Plaintiff Aguiar also attests that he used a "grass cutter, weed eater, and nylon cord" when

cutting the grass "at least one Wednesday per month."[3] D.E. 134-1 at p. 4. Yet at his deposition, Plaintiff Aguiar testified he used only a lawnmower and a weed eater (nothing more) when cutting the grass. Aguiar's Dep. at 61: 24-25; 62: 1-7. Plaintiff Aguiar further attests he used "nails, hammers, and sheet rock to cover the windows and doors of trailers that were empty…" (D.E. 134-1 at p. 4) even though at his deposition, Plaintiff Aguiar testified that the work he performed consisted only of garbage pick-up, toilet installations, plumbing, and cutting grass. Aguiar's Dep. at 50: 24-25; 51: 1-4. Finally, Plaintiff Aguiar attests that other workers, including Plaintiff Nieves and an individual named Marco Marti, "would daily use Defendant Rodriguez's red Dodge truck" and "weed eater 'Pro'" D.E. 134-1 at p. 3-4. But at his deposition, Plaintiff Aguiar testified:

> Q.: How is it that the two of you [Plaintiff Nieves] ended up in the same case?
>
> A.: Because we know each other from working at the same place. He was working doing one thing and I was doing something else.
>
> Q.: What did Mr. Nieves do?
>
> A.: Construction. Repair of the trailers and stuff.
>
> Q.: What does "and stuff" mean?
>
> A.: I was not with him. He was there doing his job and I was doing mine.

Aguiar's Dep. at 53: 12-22. Plaintiff Aguiar testified that he alone would drive the truck and pick up garbage. Plaintiff Aguiar's Dep. at 39: 9-10, 16-18. In light of this testimony, how can Plaintiff Aguiar now claim he knew what others, including Plaintiff Nieves, did daily? The answer is he can't.

---

[3] Plaintiff Aguiar contradicts himself later in the same paragraph of his declaration by attesting that he used the weed eater "Pro" "daily" – a big difference from his initial statement that he used it one day per month. D.E. 134-1 at p. 4.

Similarly, in his supplemental affidavit, Plaintiff Nieves attests he and Plaintiff Aguiar "would daily use Defendant Rodriguez's red Dodge truck" and would use a machete and shovel up to (3) times per week. D.E. 134-1 at p. 1. Yet at his deposition, Plaintiff Nieves testified he did not remember ever seeing Plaintiff Aguiar working at either of the two properties.[4] Nieves' Dep. at p. 83-85. How now can he attest to knowing what Plaintiff Aguiar did or what tools he used daily? He simply can't.

Plaintiffs' supplemental affidavit and declaration directly contradict Plaintiffs' sworn deposition testimony. Time and time again Plaintiffs have sought to muddy the waters in hopes of avoiding summary judgment by filing sham affidavits. Plaintiffs should not be allowed to do so. The supplemental declaration and affidavit are shams and should be stricken.

**C. Plaintiffs' supplemental affidavit and declaration are not based on personal knowledge and therefore, not in compliance with Rule 56(c)(4).**

Plaintiffs' supplemental affidavit and declaration are also not based on personal knowledge and are without the proper foundation. "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The supplemental declaration and affidavit are replete with statements that are not based on Plaintiffs' personal knowledge. Plaintiff Aguiar attests in his declaration that he:

---

[4] The calculator Plaintiff Nieves attests he saw Norma Garcia and "Eduardo" using daily was purchased after the relevant time period. Should the Court grant Plaintiffs' Motion to Supplement and/or through a Motion for Sanctions, Defendants intend to produce evidence in support of their position that Plaintiff Nieves has engaged in perjury.

- "regularly used equipment and tools that belonged to Defendants" without laying a foundation in support of his alleged personal knowledge (which he does not have) of who owned the equipment and tools;

- used "Defendant Rodriguez's truck" without laying a foundation in support of his alleged personal knowledge (which he does not have) of who owned the truck;

- "and other employees (including Plaintiff Nieves and 'Cano') would daily use Defendant Rodriguez's red Dodge truck (which he does not have) without laying a foundation in support of his alleged personal knowledge of who owned the truck and despite his deposition testimony establishing he has no personal knowledge of what Plaintiff Nieves did while working;

- would use a "grass cutter, weed eater, and nylon cord" that "were owned by Defendant Rodriguez without laying a foundation to support his alleged personal knowledge (which he does not have) of the owner of these items; and

- "and other employees (including Plaintiff Nieves and Marco Marti) would daily use Defendant Rodriguez's weed eater "Pro" without laying a foundation in support of his alleged personal knowledge of who owned the weed eater and despite his deposition testimony establishing he has no personal knowledge of what Plaintiff Nieves did daily.

D.E. 134 at p. 3 and 4.

Plaintiff Nieves also attests to similar statements including:

- that Plaintiff Aguiar "would daily use Defendant Rodriguez's Dodge truck" and "a machete and shovel sometimes up to (3) times per week" without laying a foundation in support of his alleged personal knowledge of who owned the truck, machete, and shovel and despite his deposition testimony that he could not remember ever seeing Plaintiff Aguiar work;

- that "Defendants' employees, Norma Garcia and Eduardo (Last Name Unknown), would daily use Defendants' calculator when residents would come to the office to pay their rent…" even though Plaintiff Nieves did not work in Defendant Consolidated Companies Group Co.'s office.

Because the supplemental affidavit and declaration violate Fed. R. Civ. P. 56(c)(4), they should be stricken by the Court.

## IV. CONCLUSION

Despite knowing they needed leave of court to do so, Plaintiffs nevertheless submitted, out of time and without leave of court, a supplemental affidavit and declaration in support of and/or opposition to summary judgment in a desperate attempt to avoid summary judgment. As they have done time and time again, the supplemental affidavit and declaration are shams, contradicting Plaintiffs' prior deposition testimony, and do not comply with Fed. R. Civ. P. 56(c)(1)(4). Plaintiffs' declaration and affidavit have been submitted in contravention of the Court's case dispositive deadline, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Simply put, they were filed in bad faith. For these reasons, the supplemental affidavit and declaration should be stricken and fees and costs should be awarded against Plaintiffs.

**WHEREFORE,** Defendants respectfully request that the Court:

(1)   Strike Plaintiffs' supplemental affidavit and declaration;

(2)   In the alternative, disregard the supplemental affidavit and declaration;

(3)   Award attorneys' fees and costs against Plaintiffs to include the fees incurred by Defendants in preparing this Motion; and

(4)   Award any other relief the Court deems just and proper.

Respectfully submitted this 9th day of January, 2017.

By: /s/ Diane P. Perez
Diane P. Perez, Esq. (41869)
E-mail: *diane@dianeperezlaw.com*
**DIANE PEREZ, P.A.**
201 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (305) 985-5676
Facsimile: (305) 985-5677
Attorney for Defendants

## CERTIFICATE OF CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), counsel for Defendants conferred with counsel for Plaintiffs via email regarding the relief sought herein. Plaintiffs oppose the relief sought.

/s/DIANE PEREZ
Diane Perez, Esq.
Florida Bar No.: 41869

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2017, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or pro sec parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

## SERVICE LIST

**SERVICE LIST**
J.H. Zidell, Esq.
Rivkah Jaff, Esq.

J.H. ZIDELL, P.A.
Attorneys for Plaintiffs
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel: 305-865-6766
Fax: 305-865-6766
E-mail: zabogado@aol.com
E-mail: rivkah.jaff@gmail.com